## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TRACY D. WARE,

      Plaintiff,

           v.

NATHAN PETERS, III and ALPINE DENTAL GROUP, P.C.,

      Defendants.

Civil Action No.
1:22-cv-02430-SDG

## OPINION AND ORDER

This matter is before the Court on Defendants' motion for summary judgment [ECF 40]; Plaintiff's motions to withdraw admissions [ECF 41] and reopen expert discovery [ECF 43];[1] Plaintiff's motion to strike a filing by one of her former attorneys [ECF 46]; and the former attorney's motion to seal his protected health information [ECF 47].

The dispute between Plaintiff Tracy Ware and Defendants Nathan Peters and Alpine Dental Group can be summarized quickly: Ware saw Peters in November 2017 for a root canal and other dental work, and alleges that she was

---

[1] ECF 42 and ECF 43 are both identified as "Motion to Reopen Expert Discovery." They appear to be identical in all material respects, except the version at ECF 43 attaches exhibits and was docketed as also seeking the issuance of letters rogatory. The Court relies on ECF 43 for purposes of this Order and denies as moot the motion at ECF 42. Since the request for letters rogatory in ECF 43 has no application here, 28 U.S.C. § 1782(a) (providing for district courts to order a person to supply discovery for use in a foreign proceeding), the motion is denied in that regard.

injured during that treatment.[2] But Ware did not identify an expert witness during discovery and failed to respond to Defendants' discovery requests, including requests for admission (RFAs), which are now deemed admitted as a result. Defendants contend these failures are fatal to Ware's claims and, accordingly, seek summary judgment.[3] Ware responds that she should be permitted to withdraw the deemed admissions and reopen expert discovery—thereby avoiding the entry of judgment against her.[4] Ware's counsel blame a former attorney (S.R.) from their own firm for the discovery failures.[5]

Having considered the briefing, and with the benefit of oral argument, the Court rules as follows:

- Ware's motion to withdraw admissions [ECF 41] is **GRANTED**;

- Ware's motion to reopen expert discovery [ECF 43] is **DENIED**;

- Ware's motion to strike a filing [ECF 46] is **DENIED**;

- S.R.'s motion to seal is **GRANTED**; and

- Defendants' motion for summary judgment [ECF 40] is **GRANTED**.

---

[2]   ECF 40-1 (Defs.' SUMF), ¶¶ 1–3.

[3]   *See generally* ECF 40-2.

[4]   ECFs 41, 43.

[5]   ECF 41, at 1; ECF 43, at 1.

I.      **Background**

Before addressing the specific motions, the Court provides a somewhat detailed description of the progress of this litigation so that the bases for its rulings are clear.

This is a renewal action. Ware originally filed suit in December 2018, but voluntarily dismissed that case on January 5, 2022.[6] On May 20, 2022, she refiled her complaint for dental malpractice in Fulton County State Court.[7] On June 17, Defendants removed.[8] Since that time, Ware has been represented by a series of attorneys from the same law firm, Bey & Associates (the Firm).[9] John Bey has been counsel of record since November 15, 2022.[10] S.R. first appeared on behalf of Ware on June 28, 2023.[11] In making his appearance, S.R. substituted for two other attorneys—but not for Bey himself, who remained counsel of record.[12]

On July 27, 2023, the Court directed the parties to file their respective certificates of interested persons and entered a scheduling order requiring Ware

---

[6]   ECF 1-3, at 3 ¶¶ 7–8.

[7]   ECF 1-3.

[8]   *See generally* ECF 1.

[9]   ECF 1, 22, 29, 37. *See generally* Docket.

[10]  ECF 22.

[11]  ECF 29.

[12]  *Id. See also* ECF 38 (Ware's certificate of interested persons, which identifies Bey as the only attorney representing her as of November 28, 2023).

to designate her expert witness by September 1. Discovery was set to close on December 15.[13] Defendants served discovery requests, including the RFAs, on August 14.[14] They served additional RFAs on August 23.[15]

The August 3 deadline to file the certificate of interested persons passed with no filing by Ware. The Court entered an Order to Show Cause, requiring Ware to file it by August 7 or show cause why she could not do so.[16] Ware did not respond. The September 1 deadline for Ware to identify an expert, and the September 13 and 22 deadlines for Ware to respond to the RFAs, all passed with no action from her counsel.

By August 25, 2023, S.R. had left the Firm.[17] Bey—who had been counsel of record since November 15, 2022—inexplicably filed another notice of appearance on October 27, 2023.[18] Pursuant to the Court's scheduling order, discovery closed on December 15, 2023.[19] On January 15, 2024, Defendants timely filed their motion for summary judgment.[20] Under the Local Rules, Ware's opposition was due on

---

[13]   July 27, 2023 D.E.; ECF 32.

[14]   ECF 34.

[15]   ECF 35.

[16]   Aug. 4, 2023 D.E.

[17]   ECF 43-2, at 11 ¶ 14.

[18]   ECF 37.

[19]   ECF 32.

[20]   ECF 40.

February 5. LR 7.1(B), NDGa. One day after the response deadline passed—on February 6—Ware's counsel filed a brief opposing summary judgment, a motion to withdraw the deemed admissions to the RFAs, and a motion to reopen expert discovery.[21]

In the three-plus months that passed from Bey filing his second notice of appearance on October 27, 2023 to February 6, 2024, the only action he took to represent Ware was to belatedly file the certificate of interested persons.[22] There is nothing in the record that supplies any explanation for Bey's failure to do anything on behalf of his client during this period. To compound matters, on February 7, S.R. filed a declaration in "opposition" to Defendants' summary judgment motion.[23] Although S.R. was still listed as counsel of record, there doesn't seem to be any dispute that he stopped representing Ware when he left the Firm.[24] Bey filed a motion (purportedly on behalf of Ware) to strike S.R.'s declaration.[25]

---

[21]   ECFs 41, 43, 44.

[22]   *See generally* Docket. When counsel finally filed the certificate on November 28, 2023, no explanation was provided for the extensive delay or failure to comply with the Court's orders. ECF 38.

[23]   ECF 45.

[24]   Because he did not officially withdraw as counsel, S.R. continued to receive notices of filings through CM/ECF and filings he made on his own behalf are reflected on the docket as having been filed on behalf of Ware.

[25]   ECF 46. Ware moved under Rule 12(f), asserting that the entire declaration is irrelevant and because S.R. purportedly lacks "standing." *Id.* However, Rule 12(f) applies to pleadings and the declaration is not a pleading. Fed. R. Civ. P.

On March 5, 2024, yet another attorney from the Firm (James Griffin O'Brien) tried to substitute into the case for S.R.[26] Despite the fact that the filing itself only tried to substitute for S.R., the selections O'Brien apparently made when filing the document flagged that he was replacing both S.R. *and* Bey. That selection caused the clerk to terminate S.R. and Bey as counsel of record for Ware as of March 5.[27] On April 25, the Court directed the Clerk to correct that error and reinstate Bey as counsel of record.[28]

## II.   Discussion

### A.   Admissions and Expert Testimony

Ware's admissions and failure to produce an expert are the sole grounds for Defendants' summary judgment motion.[29] Each will be addressed in turn.

---

7(a). Ware's counsel put S.R.'s conduct at issue by arguing it is a basis to reopen discovery and withdraw the admissions. And, as Defendants point out in their opposition to Ware's motion, at least part of the declaration discusses the reasons for Ware's discovery failures. ECF 51. Since the document will remain under seal, the Court **DENIES** Ware's motion to strike [ECF 46] but, for purposes of the parties' motions, disregards the irrelevant and unnecessarily inflammatory statements in the declaration (the last two sentences of paragraph 4 and paragraphs 8–9, and 11).

[26]   ECF 52.

[27]   *Id.*

[28]   Apr. 25, 2024 D.E.

[29]   *See generally* ECF 40-2.

### 1.    Admissions

Since Ware did not respond to Defendants' RFAs, they are deemed admitted. Fed. R. Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). Ware has therefore conceded (among other things) that (1) she did not sustain any injuries due to negligence by Defendants; (2) she was injured because of her own movement during the dental procedure; and (3) the procedure did not cause her permanent injury.[30] She seeks leave to withdraw the admissions because she "inadvertently" did not respond to the RFAs in "a timely manner."[31] Defendants argue that Ware should not be permitted to withdraw admissions that relate to her own conduct or the medical attention she received.[32]

Admissions are "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." *Id.* R. 36(b). But a court may permit withdrawal of an admission if it "would promote the presentation of the

---

[30]   *Id.* at 54–55 ¶¶ 1–2, 4–5, 7, 10.

[31]   ECF 41, at 1.

[32]   ECF 50 (asserting that RFAs 5, 7–8, 10–11 do not go to the merits of the cause of action).

merits of the action" and withdrawal would not prejudice the party that propounded the requests. *Id.* The Eleventh Circuit applies this as a two-part test:

> First, the court should consider whether the withdrawal will subserve the presentation of the merits, and second, it must determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case.

*Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1264 (11th Cir. 2002) (citations omitted); *see also Smith v. First Nat'l Bank*, 837 F.2d 1575, 1576–77 (11th Cir. 1988). This looks not to the reasons for a party's failure to respond but to the substantive issues presented by the case and the effect of the deemed admissions on those issues.

Here, Defendants concede that certain admissions go to elements of Ware's cause of action and do not oppose her request to withdraw Admissions 1-4, 6, 9, and 12–13.[33] As to the remaining admissions (5, 7–8, 10–11), Defendants assert that, because they do not negate necessary elements of Ware's claims, those admissions "do not eliminate the merits of this case"[34] and the Court shouldn't allow them to be withdrawn. The Court does not construe the applicable law so narrowly.

The Eleventh Circuit has stated that the Rule 36(b) test is satisfied when "upholding the admissions would practically eliminate any presentation of the merits of the case." *Perez*, 297 F.3d at 1266 (quoting *Hadley v. United States*, 45 F.3d

---

[33]   *Id.* at 4–5.

[34]   ECF 50, at 4–5.

1345, 1348 (9th Cir. 1995)). That standard does not require—as Defendants suggest[35]—the admitted matter to directly negate an element of a cause of action as a matter of law before the admitting party is entitled to withdraw the admission. Rather, Rule 36 and Eleventh Circuit precedent instruct the Court to determine whether allowing Ware to withdraw these admissions would "subserve the presentation of the merits." *Id.* at 1264. Given the nature of the admissions, the Court has no doubt that it would.

Defendants posed the following RFAs:

> 5. Please admit that Plaintiff moved her head during the November 27, 2017 dental procedure while Dr. Nathan Peters was using the bur.

> 7. Please admit that Plaintiff did not suffer permanent injury due to the November 27, 2017 dental procedure.

> 8. Please admit that the cut Plaintiff had on her interior/exterior cheek on November 27, 2017 did not require emergency medical attention.

> 10. Please admit that you did not experience a permanent injury as a result of the November 27, 2017 dental procedure.

> 11. Please admit that Plaintiff did not experience any complications with regard to the tooth that was treated with the root canal procedure on November 27, 2017.

While these facts may not directly negate a medical malpractice claim, they certainly undermine the position Ware has asserted throughout this litigation that

---

[35]   *Id.*

Defendants were negligent in providing dental treatment to her and that she did not contribute to or cause the injuries she suffered.[36] The facts relate to causation and damages—key factors going to the merits of the parties' dispute. Allowing Ware to withdraw these admissions will therefore aid the "ascertainment of the truth." *Id.* at 1266 (quoting *Smith*, 837 F.2d at 1577). Accordingly, the first part of the Rule 36(b) test is satisfied.

As to the second part, Defendants argue only that they will be prejudiced because they would have to "further investigate any claim [Ware] now has for permanent injuries and her overall medical treatment."[37] Ware asserts that there is no prejudice because the case is "well before the trial date" and Defendants have sufficient time to gather the necessary evidence.[38] Neither of these arguments addresses what "prejudice" means in this context.

In fact, prejudice

> relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions.

---

[36]   *See, e.g.*, ECF 1-3, at 4–6 ¶¶ 14–15, 25–26; *id.* at 13 ¶¶ 9–10; ECF 1-5.

[37]   ECF 50, at 5–6.

[38]   ECF 41, at 3.

*Id.* at 1266 (quoting *Smith*, 837 F.3d at 1578). Although Defendants assert that they will now have to obtain evidence related to the issues Ware previously admitted, they have not suggested an inability to gather such evidence for any reason (such as the passage of time or unavailability of witnesses). In fact, counsel made clear during oral argument that the parties had engaged in a significant amount of discovery during the original state-court action.[39] Nor can Ware's desire to contest these issues come as any surprise to Defendants given the prior proceeding, the allegations in this case, and Ware's summary of the contested issues in the parties' joint preliminary report.[40]

The Court therefore concludes that Ware's motion to withdraw her admissions should be granted.

### 2.    Expert Discovery

In contrast, Ware has not shown the good cause or excusable neglect necessary to reopen expert discovery.

Ware argues that Rule 6(b) applies and that she can show excusable neglect for her delays.[41] Under Rule 6, the Court, for good cause, may extend the time for a party to act if it failed to do so because of excusable neglect. Fed. R. Civ. P.

---

[39]   ECF 69.

[40]   *See, e.g.*, ECF 31, at 7.

[41]   ECF 43, at 4–5.

6(b)(1)(B). But the Court fails to see how this helps Ware—it requires both excusable neglect **and** good cause. *Johnson v. Doe*, No. 1:23-CV-03603-SEG, 2024 WL 3221825, at *2 (N.D. Ga. May 1, 2024) ("Under Rule 6(b)(1)(B), even if good cause exists, a party who makes a motion 'after the time has expired' for such motions must also show excusable neglect."). And Ware can't show either.

### *i.*     **Good Cause**

Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Once a scheduling order is entered, the schedule should not be modified unless it cannot be met "despite the diligence of the party seeking the extension." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment). Diligence should be assessed by a party's "attempts to gather relevant information during discovery, the timing of when the information became available, and how soon the party moved to amend after discovering the information." *Snadon v. Sew-Eurodrive, Inc.*, 859 F. App'x 896, 897 (11th Cir. 2021) (per curiam). A lack of diligence ends the inquiry. *Sosa*, 133 F.3d at 1418.

Under the Court's scheduling order here, Ware was required to designate her experts by September 1, 2023, and discovery closed on December 15, 2023.[42] As with the failure to respond to the RFAs, Ware's counsel attribute the missed

---

[42]   ECF 32.

expert disclosure deadlines to S.R.[43] Their characterization of S.R.'s conduct, if true, would have made a compelling argument *if* S.R. had been the only attorney representing Ware. But he wasn't. And nothing explains or excuses Bey's failure to take any action in this case on behalf of his client until after the deadline to respond to Defendants' motion for summary judgment.

Bey was counsel of record for Ware at all relevant times.[44] Bey does not contest Defendants' assertion that he failed to respond to their counsels' April 2023 inquiries about preparing the joint preliminary report.[45] There is nothing in the record showing that Bey did anything in this case after S.R. left the Firm except file an unnecessary second notice of appearance, and then belatedly comply with the Court's order to file a certificate of interested persons without any excuse for the delay.[46] Bey did not seek to extend discovery deadlines or the time for Ware to identify an expert, nor has he bothered to provide any explanation for his failure to do so. Even a brief review of the docket would have shown what the discovery deadlines were and that Defendants had served discovery. Even when Defendants moved for summary judgment Bey did not immediately act. He instead waited

---

[43]  ECF 43, at 6.

[44]  *Compare* ECF 22 *with* ECF 29.

[45]  ECF 49-2, ¶ 3.

[46]  ECFs 37, 38.

until *after* the response deadline to file a flurry of motions to reopen discovery and withdraw the admissions. At oral argument, which Bey did not attend, Ware's counsel attempted to suggest that Bey was not lead counsel on the case.[47] This is a curious position given that it is Bey's name on the Firm door. But regardless of how the Firm chooses to internally assign responsibilities, that does not alter Bey's duties to his client as counsel of record.[48] This lack of diligence alone forecloses Ware's ability to show good cause. *Sosa*, 133 F.3d at 1418.

## ii. Excusable Neglect

To determine if there was excusable neglect, the Court should consider "(1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685–86 (11th Cir. 2013) (per curiam) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993)). *First*, although Ware's counsel argue there would be little prejudice to Defendants, what Ware seeks would amount to

---

[47] ECF 69.

[48] Or his duties under Georgia's Rules of Professional Conduct. *See, e.g.*, Ga. R. Pro. Conduct 1.1 ("A lawyer shall provide competent representation to a client. . . . Competence requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."), 1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client.").

a redo of discovery. Not only had the deadline for Ware to disclose an expert long passed before she took action, so had the other expert and discovery deadlines set forth in the Court's scheduling order[49]—dates that were largely based on dates proposed by the parties themselves.[50] *Ashmore*, 503 F. App'x at 686 (concluding the district court did not abuse its discretion in declining to extend discovery when plaintiff filed his motion one day before the deadline and had not propounded any discovery requests to that point). Defense counsel represented at argument that their expert would have to duplicate much of the work he has already done if Ware is allowed to identify a new expert at this late stage.[51] Moreover, Defendants have moved for summary judgment. Reopening discovery when the defendant has already moved for summary judgment is itself unduly prejudicial. *Id.*

*Second*, not only did Ware delay in seeking relief, the remedy she wants would cause further delay. The Court would have to reset the deadlines for the parties to conduct expert discovery and file dispositive motions. And, as defense counsel pointed out during oral argument, this is a renewal action: The underlying events took place in 2017. Reopening discovery would cause yet more delay in resolution of this aged case. *Third*, as should be clear from the discussion above,

---

[49]   ECF 32.

[50]   ECF 31, at 13–14.

[51]   ECF 69.

the delay was entirely caused by Ware's counsel. *Finally*, while it may not constitute bad faith in the strict sense, Bey's failure to (1) take any action to represent Ware between his second notice of appearance on October 27, 2023 and February 6, 2024 and (2) explain his lack of action can hardly be described as good faith. It certainly doesn't show excusable neglect.

Given these facts, the Court will not reopen expert discovery.

## B. Motion for Summary Judgment

Defendants argue that they are entitled to judgment based on two separate arguments. First, they assert that Ware's failure to identify an expert is fatal to her claims. Second, Defendants contend that Ware's deemed admissions foreclose her claim because they establish that she was partly at fault for her injuries.[52] Because the Court is allowing withdrawal of the admissions, it only addresses Defendants' first argument.

Ware asserts one cause of action against Defendants for professional negligence.[53] To prove that claim under Georgia law, a plaintiff must demonstrate by a preponderance of the evidence that the medical professional failed to exercise a "reasonable degree of care and skill." O.C.G.A. § 51-1-27. This standard applies to dentists. *Gunthorpe v. Daniels*, 150 Ga. App. 113, 113 (1979). "Three essential

---

[52] ECF 40-2.

[53] ECF 1-3, at 5 ¶¶ 19–26.

elements to establish liability in a medical malpractice action have emerged from the statute: (1) the duty inherent in the doctor-patient relationship; (2) the breach of that duty by failing to exercise the requisite degree of skill and care; and (3) that this failure be the proximate cause of the injury sustained." *Zwiren v. Thompson*, 276 Ga. 498, 499 (2003) (citation and internal quotation marks omitted).

Proximate cause in such cases must be shown through expert testimony "because the question of whether the alleged professional negligence caused the Plaintiff's injury is generally one for specialized expert knowledge beyond the ken of the average layperson." *Id.* at 500; *see also Roberts v. Quick Rx Drugs, Inc.*, 343 Ga. App. 556, 558 (2017) (quoting *Hopkinson v. Labovitz*, 231 Ga. App. 557, 559 (1998)) ("A malpractice claim requires expert testimony because 'the court and the jury must have a standard measure which they are to use in measuring the acts of the professional in determining whether he exercised a reasonable degree of care and skill in carrying out his professional duties. The proper standard of measurement is to be established by testimony of professionals; for it is a professional question.'"). That principle is particularly relevant here, where Ware contends that Defendants were negligent because Defendant Peters failed to use a particular piece of equipment while performing the root canal,[54] and Defendants assert Ware

---

[54]   ECF 1-3, at 13 ¶ 7.

could have avoided injury through the exercise of ordinary care.[55] Ware, moreover, acknowledges that she must have an expert to succeed on her claims.[56]

Summary judgment is appropriate against a party who

> fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986) (quoting Fed. R. Civ. P. 56(c)). Because Ware did not identify an expert during discovery and the Court declines to allow her to belatedly do so now, Ware cannot prove Defendants caused her injuries—a necessary element of her professional negligence claim. Defendants are therefore entitled to entry of judgment in their favor.

### C.  Motion to Seal

S.R. moves to redact or seal all mention of his name in the current briefing. No party has opposed this motion. The Court agrees that these filings should remain sealed. Plaintiff's counsel appeared to concede during oral argument that

---

[55]  ECF 5, at 2.

[56]  ECF 44, at 6 ("[T]he importance of Plaintiff's expert testimony cannot be understated—it is required for the success of Plaintiff's causes of action.").

the information should have been filed under seal in the first instance.[57] Therefore, the filings placed under provisional seal by the Court will be permanently sealed.

### III.    Conclusion

Although the Court **GRANTS** Ware's motion to withdraw admissions [ECF 41], her motion to reopen expert discovery and request for letters rogatory [ECF 43] is **DENIED**. The duplicative motion to reopen expert discovery [ECF 42] is **DENIED as moot**. Ware's motion to strike S.R.'s declaration [ECF 46] is **DENIED**. S.R.'s motion to seal is **GRANTED** [ECF 47]. The Clerk is **DIRECTED** to place ECFs 42 to 48, 58 to 59, and 63 to 67 under permanent seal.

Finally, Defendants' motion for summary judgment [ECF 40] is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of Defendants and close this case.

**SO ORDERED** this 30th day of September, 2024.

_____
Steven D. Grimberg
United States District Judge

---

[57]    ECF 69.